# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant,
vs.
PAUL LEWIS BROWNING,
Respondent.

No. 78476

**FILED**

JAN 24 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting a pretrial motion to dismiss. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

Respondent Paul Lewis Browning was convicted and sentenced to death in 1986 for the murder of Hugo Elsen, and his conviction and sentence were affirmed by this court. *Browning v. State*, 104 Nev. 269, 757 P.2d 351 (1988). After a new penalty hearing was ordered, *Browning v. State*, 120 Nev. 347, 352, 91 P.3d 39, 43 (2004), a second jury again sentenced Browning to death, and this court affirmed the sentence. *Browning v. State*, 124 Nev. 517, 521, 188 P.3d 60, 64 (2008). A federal district court denied federal habeas relief, but the Ninth Circuit Court of Appeals reversed. *Browning v. Baker*, 875 F.3d 444 (9th Cir. 2017). Browning's case was scheduled for retrial when he moved to dismiss based on due process concerns.

The sole issue before this court is whether the district court abused its discretion in granting Browning's pretrial motion to dismiss the charges against him. *See Morgan v. State*, 134 Nev. 200, 205, 416 P.3d 212, 220 (2018) ("This court will not disturb a district court's decision on whether to dismiss a charging document absent an abuse of discretion."). "An abuse of discretion occurs if the district court's decision is arbitrary or capricious or if it exceeds the bounds of law or reason." *Jackson v. State*, 117 Nev. 116,

20-03401

120, 17 P.3d 998, 1000 (2001). Here, the district court considered the Ninth Circuit's opinion identifying errors that warranted federal habeas relief,[1] multiple briefs filed by the parties, and counsels' arguments at numerous hearings on the matter. The district court referenced the witnesses and evidence lost over the decades since the crime was committed and the effect that missing evidence would have on remedying the errors identified by the Ninth Circuit. Recognizing the unique factual circumstances of Browning's situation, including the deaths of several key witnesses, the district court concluded that notions of due process and fundamental fairness precluded retrial. *Cf. State v. Babayan*, 106 Nev. 155, 171, 787 P.2d 805, 818 (1990). Based on the record before us, we cannot say that the district court's conclusion was arbitrary or capricious or that "no reasonable judge could reach a similar conclusion under the same circumstances." *Leavitt v. Siems*, 130 Nev. 503, 509, 330 P.3d 1, 5 (2014). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Pickering

_____, J.          _____, J.
Gibbons                       Hardesty

_____, J.          _____, J.
Parraguirre                   Stiglich

_____, J.          _____, J.
Cadish                        Silver

---

[1]These errors included counsel's failure to adequately investigate and the State's violations of *Brady v. Maryland*, 373 U.S. 83 (1963).

cc:  Hon. Douglas W. Herndon, District Judge
     Attorney General/Carson City
     Clark County District Attorney
     The Law Offices of Ivette Amelburu Maningo
     MacDonald Hoague & Bayless
     Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A